STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
(for court filings only)
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310)452-3200

Presented on behalf of Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| JAMES CARR,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>JOYCE EDEN DUDLEY, BRIAN JOSEPH COTA, DANIEL McGREW, KRISTIN SHAMORDOLA, and 10 UNKNOWN NAMED DEFENDANTS, 1-10,<br><br>　　　　　Defendants. | **COMPLAINT**<br><br>(Police Thuggery, For Damages for Civil Rights Violations, 42 U.S.C. § 1983 and Civil RICO, 18 U.S.C. § 1961, *et seq*.)<br><br>**JURY DEMAND** |
|---|---|

　　　Plaintiff makes the following allegations in support of the this complaint:

//
//
//
//
//
//
//

1

## JURISDICTION AND VENUE

1. Plaintiff asserts federal claims, under 42 U.S.C. § 1983 and 18 U.S.C. §1961, *et seq.*, against defendants, subject matter jurisdiction lies pursuant to 28 U.S.C. § 1331 of the federal claims.

2. The matters that are the bases for this action occurred in Santa Barbara County, California, and therefore venue lies in the United States District Court for the Central District of California, and in its Western Division, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

3. Plaintiff is a person who has been subject to Santa Barbara district attorney office thuggery; and defendants are **JOYCE EDEN DUDLEY, BRIAN JOSEPH COTA, DANIEL McGREW, KRISTIN SHAMORDOLA,** and **10 UNKNOWN NAMED DEFENDANTS, 1-10,** whose true identities presently are unknown, who participated in the wrongful acts alleged hereinbelow, and whose conduct is culpable, and whose unknown names will be replaced by their true identities when those true identities are learned, or are persons and/or entities whose true names presently are unknown, and who may have engaged in some conduct that is culpable with respect to plaintiff, as set forth hereinbelow. All defendants engaged in the same conduct by participating in, facilitating, and making the decisions that resulted in the wrongs hereinbelow alleged.

4. Defendants, each and all, are sued in both their individual capacities and in their official capacities, for the policy and custom claims made under *Monell v. Dep't of Soc. Svcs. of the City of New York*, 436 U.S. 657 (1978), with respect to which claims only defendants are sued in their official capacities only, and for all other claims are sued in both capacities, and none of them is sued for engaging in any prosecutorial functions, but rather for engaging in quintessentially police functions.

2

5. Plaintiff is a person who has been subjected to police thuggery and subjected to federal constitutional violations by defendants.

6. Defendants and each of them play and played some material role in the wrongful acts and/or omissions alleged hereinbelow and in the setting and carrying out of policies that resulted in the constitutional injuries inflicted on plaintiff by defendants , and all defendants at all times acted with deliberate indifference to plaintiff's rights, as alleged herein, and in knowing and willful violations of the United States Constitution's Fourth and Fourteenth Amendments.

## ALLEGATIONS COMMON TO EACH COUNT

7. Each and every allegation set forth in each and every averment herein is incorporated by this reference in each and every other averment and allegation of this pleading.

8. All acts and/or omissions perpetrated and/or engaged in by each defendant, in their individual capacities, were done maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, with evil motive and/or intent, in disregard of the rights of plaintiff, and in clear violation of the federal Constitution, and of controlling federal law, both statutory and common law, as set forth by both the United States Supreme Court and the United States Court of Appeals for the Ninth Circuit.

9. On May 20, 2022, at 1112 Santa Barbara Street, Santa Barbara, California, at about 9:00 a.m., the following defendants engaged in the following behavior that violated plaintiff's constitutional rights: plaintiff was forced to place his cell phone on a conveyor belt that would pass through a metal detector, and did so; after plaintiff went through a metal detector and emerged from it on its other side, and as his cell phone came out from the other side of the conveyor belt, defendant McGrew, who was standing there, without a warrant, without

reasonable suspicion, without probable cause, and without plaintiff's consent detained plaintiff in his custody, and plaintiff did not feel free to leave, so that this detention was *per se* unreasonable under the Fourth and Fourteenth Amendments; McGrew then forced plaintiff to accompany McGrew to the hallway outside Dept. 6 of the Santa Barbara Superior Court, and McGrew had been joined by approximately five, other law enforcement officers, and he and all of them held plaintiff in their custody, against plaintiff's will; when plaintiff's cell phone had emerged from the metal detector, McGrew snatched it, plaintiff asked him to give it to plaintiff, and McGrew refused to do so; McGrew contended that he had a warrant to seize the cell phone, but McGrew had no such warrant; outside Dept. 6, McGrew and the others held plaintiff in their custody, and McGrew stated that he was "waiting for a warrant," and refused to permit plaintiff to enter Dept. 6, until a warrant would arrive; McGrew refused to return plaintiff's cell phone to plaintiff.

All of this was done as part of a plot among all defendants to harass plaintiff.

At the time of the seizure of the cell phone there was no warrant for its seizure.

Apparently, the warrant was issued without any statement of probable cause, so that the warrant unconstitutionally was obtained, and cell phone was unconstitutionally seized, and has unconstitutionally been retained by McGrew and other defendants.

10. The defendants each and all are legally liable for all of this conduct because, with deliberate indifference, they caused it, ratified it, condoned it, or otherwise made it possible, by their actions and/or inactions, and caused and/or created policies, practices, procedures, and/or customs, that caused and was the moving force behind the unconstitutional conduct, and because all of them failed in their duty to train police in proper, allowable, constitutional policing, and their

4

failures amounted to deliberate indifference to the rights of persons with whom the police come into contact.

## COUNT ONE
(Against All Defendants, 42 U.S.C. § 1983)

11. Plaintiff realleges specifically the allegations set forth in averments 9 & 10, hereinabove, and, by virtue thereof, all defendants are liable to plaintiff, pursuant to 42 U.S.C. § 1983, for violation of plaintiff's Fourth Amendment rights, not to be subjected to unreasonable searches, seizures, stops, and/or arrests.

12. All defendants are responsible for the Fourth Amendment violations because they set the policies and accepted the customs of the police actions, that have been ratified by these defendants.

13. All defendants are liable to plaintiff for the seizure of his person.

## COUNT TWO
(Against All Defendants for Conspiracy Under § 1983)

13. All defendants also are liable to plaintiff for conspiracy to violate Fourth Amendment and Fourteenth Amendment rights, pursuant to § 1983, because they had an agreement and/or understanding, and a plan and meeting of the minds, that the wrongs perpetrated would be perpetrated, and then they were perpetrated.

## COUNT THREE
(Against All Defendants, Under Sec. 1983, *Monell*)

14. "[When] the complaint plausibly alleges a policy, custom, or practice leading to that violation[, s]ee *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)[,] [and] Plaintiffs' allegations amount to . . . more than an 'isolated or sporadic incident[ ]' that . . . forms the basis of *Monell* liability for an improper custom. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)." *Saved Magazine v. Spokane Police Dep't*, 19 F.4th 1193, 1201 (9th Cir. 2001). Herein, all defendants are liable to all plaintiff because they had and have, and foster, policies, practices, procedures, and customs of Fourth and Fourteenth Amendment violations, which policies, *etc.*, in violation of the these Amendments,

were the moving forces that caused the violation of the plaintiff's rights, as alleged herein, and, also the supervisor defendants, Dudley and McGrew, are liable because they have a custom of the violations of the rights as alleged herein.

### COUNT FOUR
(Against All Defendants, 42 U.S.C. § 1983)

15. Plaintiff realleges specifically the allegations set forth in averments 9 & 10, hereinabove, and, by virtue thereof, all defendants are liable to plaintiff, pursuant to 42 U.S.C. § 1983, for violation of plaintiff's Fourth Amendment rights, not to be subjected to unreasonable searches, seizures, stops, and/or arrests.

16. All defendants are responsible for the Fourth Amendment violations because they set the policies and accepted the customs of the police actions, that have been ratified by these defendants.

17. All defendants are liable to plaintiff for the seizure of his cell phone.

### COUNT FIVE
(Against All Defendants for Conspiracy Under § 1983)

18. All defendants also are liable to plaintiff for conspiracy to violate Fourth Amendment and Fourteenth Amendment rights, pursuant to § 1983, because they had an agreement and/or understanding, and a plan and meeting of the minds, that the wrongs perpetrated would be perpetrated, and then they were perpetrated.

### COUNT SIX
(Against All Defendants, Under Sec. 1983, *Monell*)

19. "[When] the complaint plausibly alleges a policy, custom, or practice leading to that violation[, s]ee *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)[,] [and] Plaintiffs' allegations amount to . . . more than an 'isolated or sporadic incident[ ]' that . . . forms the basis of *Monell* liability for an improper custom. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)." *Saved Magazine v. Spokane Police Dep't*, 19 F.4th 1193, 1201 (9th Cir. 2001). Herein, all defendants are liable to all plaintiff because they had and have, and foster, policies, practices, procedures, and customs of Fourth and Fourteenth

Amendment violations, which policies, *etc.*, in violation of the these Amendments, were the moving forces that caused the violation of the plaintiff's rights, as alleged herein, and, also the supervisor defendants, Dudley and McGrew, are liable because they have a custom of the violations of the rights as alleged herein.

19.- 141. Reserved.

## COUNT SEVEN
### (Racketeer Influenced and Corrupt Organizations, RICO, for Fraud, Extortion, Under Both State and Federal Law, and Obstruction of Justice, against all defendants in both their individual and official capacities)

142. By doing the things alleged hereinabove, and/or aiding or abetting them, all defendants thereby engaged in and committed the related RICO predicate acts, with similar purposes, results, participants, victims, and methods of commission, over a long and continuing period of time, with a threat of continued racketeering activity of extortion and obstruction of justice, and continue to commit extortion and obstruction of justice, all by using instrumentalities of interstate commerce to accomplish their crimes, and thereby are liable under the civil RICO statute.

### Rico Predicate Acts

143. On May 20, 2022, defendants seized plaintiff's cell phone and seized plaintiff, and thereby stole his personal property and attempted to extort him to not to defend the criminal charges then pending against him. All defendants condoned, approved of, and ratified this wrongful conduct.

144. **Extortion** The attempted extortions occurred by defendants stealing the plaintiff's property to extort him and to intimidate him not to defend the criminal charges against him.

145. **Obstruction of Justice** The obstruction of justice occurred by all defendants seizing plaintiff and preventing him from entering Dept. 6, to defend against the criminal charges pending against him.

146. Each defendant, in his/her own right, and all defendants together, collectively, as well as their employees, who work in and for the Santa Barbara district attorney office, are all enterprises and associated-in-fact enterprises, within the meaning of 18 U.S.C. 1961(4), and therefore are RICO enterprises.

147. Each and all of defendants' activities affect interstate commerce.

148. Each defendant received and receives income, directly and/or indirectly, by way of insurance premiums, salary, compensation, reimbursement for expenses, *per diem* costs reimbursements, meals, lodging, and/or travel, pensions, *etc.*, from the pattern of racketeering activity alleged herein, and used and uses that income in the acquisition of an interest in and/or operation of the enterprise, in violation of 18 U.S.C. 1962(a), and acquired and/or maintained control over said racketeering enterprise through a pattern of racketeering activities, as set forth herein, in violation of 18 U.S.C. 1962(b).

149. Defendants conducted and/or participated, and continue to conduct and participate in, said enterprises' affairs through a pattern of racketeering activities, in violation of 18 U.S.C. 1962(c).

150. The pattern of racketeering activities included, and continues to include, a continuous pattern and practice potentially involving activities, including the RICO predicates of extortion and obstruction of justice, and defendants' defense of the instant action is and will continue to be and will be a continuation and a part of its RICO schemes, so that those who may participate in the defense, of this action may make themselves liable under RICO.

151. Defendants' associated-in-fact enterprises constitute a present and continuing threat of harm and additional RICO violations.

152. The enterprises' activities have occurred on more than one, and on at least two occasions, over at least the past 10 years, not including the acts that will be included as part of the defense of the instant action.

153. At least two RICO predicate acts have occurred over 10 years.

154. The wrongful acts described in the matters enumerated hereinabove occurred over a significant period of time, and are related in that they evidence civil RICO predicates, including at least extortion and obstruction of justice, and they pose a threat of continued criminal activity, have the same or similar purposes, results, participants and kinds and categories of participants, victims, methods of commission, and are otherwise interrelated by their common characteristics and participants, they are not isolated events, but are both continuous and systemic, and each and all constitute a continuing pattern of racketeering activity and constitute a long term threat of continuing racketeering activity.

155. The activities led to defendants' control of and acquisition over the enterprises and resulted in the injuries to plaintiff, as alleged herein, which resulted from defendants' participation in and control of the enterprises.

156. By failing to prevent the wrongful conduct herein alleged, misconduct that amounted to racketeering activities, all managerial and non-managerial employees and/or officers and/or agents of defendants engaged in and condoned racketeering activities.

157. The willful and/or negligent mismanagement of the enterprises, with knowledge by defendants charged with management, and potentially other defendants, that they were and continue to be operated as a RICO enterprises, directly caused the harm to plaintiff, as alleged herein.

158. The enterprises are RICO enterprises because they have hierarchical structures and consensual structures for making decisions, and those structures have an existence beyond that which is necessary to commit the RICO predicate acts alleged herein, in that the hierarchical and consensual structures exist to

accomplish doing business, and the structures for decision-making exist separate and apart from the racketeering activities.

159. Each defendant unlawfully conspired with others, including other defendants, by understanding and agreeing to do, and having a meeting of the minds, and taking overt actions to support the matters hereinabove alleged, to violate the provisions of 18 U.S.C. 1962(b), (c), and (d), and, continued and continue to do so ,with the aid and assistance of co-conspirators

160. Defendants' actions constitute a pattern of racketeering activity and the predicate acts as set forth hereinabove.

161. Defendants' actions have taken and thereby injured plaintiff's property.

**WHEREFORE**, plaintiff requests relief against each defendant as follows:

1. Compensatory damages $1,000,000;

2. Punitive damages on all non-*Monell* claims, in sums to be determined by a jury, and as a percentage of the net worth of each defendant, in sums sufficient to deter future misconduct, and not less than $1,000,000 per defendant;

4. The costs of action and interest;

5. Attorneys' fees; and,

6. Such other relief as is just and proper.

### JURY DEMAND

Plaintiff demands trial by jury of all issues.

### YAGMAN + REICHMANN, LLP

By: /s/ Stephen Yagman
   **STEPHEN YAGMAN**